## Smith v. Smith

*Wade K. Newell*, for plaintiff.

Morrow, J., August 15, 1952.—The complaint in divorce states that plaintiff and defendant were married September 30, 1950, at Washington, Pa. It avers as cause for divorce from the bonds of matrimony that "Alfred E. Smith, the defendant herein did on the 27th day of September, 1950, plead guilty in the Court of Quarter Sessions in the County of Washington, Commonwealth of Pennsylvania of the crimes of burglary, larceny and burglary, and was thereupon by said court sentenced to undergo, at the Western Penitentiary, at Allegheny County, Pennsylvania, a term of imprisonment therefore for the period of not less than three (3) nor more than six (6) years."

Then follows a recital of a reduction of the sentence, on November 10, 1950, to a minimum of two and a maximum of four years. The certified copy of the record offered in evidence shows that defendant did plead guilty and was sentenced on September 27, 1950. The testimony of plaintiff before the master states that the marriage, as averred in the complaint, was actually on September 30, 1950. She testifies that defendant told her he was being held for a hearing for

driving without a license. She did not aver in her complaint that she was asking for a divorce under that provision of the Divorce Act of March 19, 1943, P. L. 21, 23 PS §10, relating to the procuring of marriage by fraud. Her complaint is based on the provision of this act reading in part:

". . . , it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: . . . (h) Shall have been convicted . . . of the crime of arson, burglary, . . . larceny, . . . and be sentenced to imprisonment for any term of two years or more by a competent court having jurisdiction."

From the conclusions of law in the master's report we quote:

"The facts proven show that defendant has been convicted as principal or accessory within this Commonwealth of the crime of burglary and has been sentenced to a maximum of two years by a competent court having jurisdiction."

A recommendation follows that the prayer of plaintiff be granted and that a divorce be entered. With this recommendation we do not agree. The marriage contract was entered into three days after defendant was sentenced upon his plea of guilty to the crimes of burglary and larceny. In our opinion plaintiff, without pleading fraud and proving it by convincing evidence, is not entitled to a decree in divorce. In other words, the mere fact of conviction of crime followed by sentence of two years or more is not ground for divorce if it occurred before the marriage.

### Order

And now, August 15, 1952, after consideration, the prayer of the complaint in this case refused and the libel dismissed.